Whalen, J. (dissenting in part).
I respectfully dissent in part because I cannot agree with the majority’s conclusion that Supreme Court should have granted defendants’ motion for summary judgment dismissing the complaint. Rather, I would affirm the order.
I agree with the majority that defendants met their initial burden of establishing that defendant City of Fulton (City) did not receive prior written notice of the danger presented by the hole, and that the burden therefore shifted to plaintiff to raise an issue of fact “whether the City created a defective condition within the meaning of the [affirmative act] exception” (Yarborough v City of New York, 10 NY3d 726, 728 [2008]). I disagree with the majority’s conclusion, however, that plaintiff failed to raise an issue of fact whether the City directed that the plywood be placed over the hole, thereby creating a defective condition. “ ‘When faced with a motion for summary judgment, a court’s task is issue finding rather than issue determination . . . and it must view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact’ ” (Esposito v Wright, 28 AD3d 1142, 1143 *1069 [2006]; see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957], rearg denied 3 NY2d 941 [1957]).
Here, the City Councilman who placed the work order for the location in question testified at his deposition that he later observed the hole at that location covered with plywood. When asked if he knew who had placed the plywood over the hole, the City Councilman stated that it would have been an employee of one of two City departments. In addition, the City Councilman’s testimony that repairing the hole was delayed until the following spring because the surrounding intersection “was going to be redone,” combined with the testimony of the City’s commissioner of public works that he had never seen a hole like the one at issue repaired with a piece of plywood, permits the inference that the City placed the plywood over the hole as a temporary measure until the weather improved in the spring, and a permanent repair could be undertaken. Although the City Councilman subsequently called into question in an errata sheet appended to his deposition whether his testimony concerned the hole in which plaintiff was injured, or another hole across the street therefrom, I conclude that “[t]he conflict between [his] original deposition testimony . . . and the corrections he submitted in the errata sheet [ ] raise [ ] an issue of credibility which [can]not be resolved on the [instant] motion for summary judgment” (Nye v Putnam Nursing & Rehabilitation Ctr., 62 AD3d 767, 768 [2009]), particularly in light of the fact that the City Councilman’s work order was never amended to reflect an address other than that for the location where plaintiff was injured.
Additionally, plaintiff’s son testified at his deposition that “city workers” placed the plywood over the hole, although he conceded that it could have been employees of Niagara Mohawk, and according to the deposition testimony of plaintiffs neighbors, they saw a cone from the City’s Department of Public Works “upside down inside” the hole and, later, a piece of plywood over the hole. Giving plaintiff the benefit of every reasonable favorable inference (see Esposito, 28 AD3d at 1143), I conclude that the above evidence raises an issue of fact whether the City directed that the plywood be placed over the hole (see Yarborough, 10 NY3d at 728; Esposito, 28 AD3d at 1143), thereby creating a defective condition by an act of affirmative negligence (see Yarborough, 10 NY3d at 728). I therefore would affirm the order. Present — Smith, J.P., Peradotto, Garni, Valentino and Whalen, JJ.